THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Terrie C. and
 Clyde L., Defendants, of whom Clyde L. is Appellant.
 
 
 

Appeal From Anderson County
 Barry W. Knobel, Family Court Judge

Unpublished Opinion No. 2008-UP-319
Submitted June 23, 2008  Filed June 25,
2008

AFFIRMED

 
 
 
 Beth M. Harbin, of Piedmont, for Appellant.
 Dottie C. Ingram, of Anderson, for Respondent.
 John M. ORourke, of Anderson; Tara S. Taggart, of Blythewood, for
 Guardian Ad Litem.
 
 
 

PER CURIAM: This
 appeal arises from the termination of parental rights (TPR) of Clyde L.
 (Father).  Father argues the family court erred in terminating his parental
 rights because 1) DSS failed to prove a
 statutory ground for removal enumerated in section 20-7-1572 of the South
 Carolina Code (Supp. 2007) by clear and convincing evidence and 2) DSS failed
 to prove termination of Fathers parental rights was in the Childrens best
 interest.  
1.  We affirm the family
 courts finding Childrens presence in foster care for fifteen of the most
 recent twenty-two months amounts to a statutory ground for TPR.  See S.C.
 Code Ann. §20-7-1572(8) (Supp. 2007); Charleston County Dept of Soc. Servs. v. Jackson, 368 S.C. 87, 101-02, 627 S.E.2d 765, 773-74
 (Ct. App. 2006) (finding the statutory ground of fifteen out of twenty-two
 months was met during appellant-fathers incarceration, despite the fact DSS
 never contacted him or gave him an opportunity to suggest relatives with whom
 his son might be placed); Jackson, 368 S.C. 87, 102, 627 S.E.2d 765, 773
 (holding the appellate court is concerned with the childs perspective and not
 the parents when determining whether a statutory ground is met); S.C. Dept
 of Soc. Servs. v. Sims, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004)
 (A finding pursuant to section 20-7-1572(8) alone is sufficient to support a
 termination of parental rights.).  
2.  Based on Childrens
 mental and emotional progress, as well as their favorable living situation, we
 agree with the Guardian ad Litem and family court and find TPR in Childrens
 best interest.  Charleston County Dept of Soc. Servs. v. King,
 369 S.C. 96, 105, 631 S.E.2d 239, 244 (2006) ([W]hen the interest of the child
 and the parental rights conflict, the interest of the child shall prevail.).
AFFIRMED.[1]
HEARN, C.J., THOMAS, J., and CURETON, A.J. 

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.